# Conrad *versus* The Commercial Mutual Insurance Company.

1. To an attachment-execution the defendant pleaded payment and also a special plea that an authorized committee of the plaintiff, a corporation, had received a sum of money in satisfaction of the judgment; no question was reserved. The jury found for the defendant. The court entered judgment notwithstanding the verdict. *Held*, to be error.

2. If the 2d plea was immaterial, a verdict on it amounted to nothing. It should have been met by a demurrer and the plea of payment disposed of in the usual way.

February 19th 1867. Before WOODWARD, C., J., THOMPSON and STRONG, JJ. READ, J., sick. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an attachment-execution, issued May 10th 1864, by The Commercial Mutual Insurance Company against Osborn Conrad, on a judgment for $676.50, recovered March 11th 1859, on a note for $600. The Bank of Penn Township were garnishees.

On the 16th of June 1865, the garnishees answered, admitting that they had on deposit to the credit of the defendant $1033.99. On the 17th of June the defendant pleaded "payment, &c.," and on the 23d filed an additional plea, that the plaintiff ceased to do business as a corporation on the 8th of November 1858, and while the case was depending and before judgment, the directors, December 1st 1858, passed a resolution that "the unsettled business, books and papers of the company be placed in the hands of the committee now holding the guarantee-notes, viz.: D. S. Winebrenner, D. Smith, Jr., and George F. Thomas, who shall be empowered to make settlement and employ the solicitor of the company to make collections;" that this resolution gave the committee power to settle the defendant's claim, and that in the succeeding January the directors, of whom the committee were three, signed an agreement, that in consideration of the defendant having received no value for the note on which judgment had

[Conrad *v*. Commercial Mutual Insurance Co.]

been obtained, " we, the late directors, do hereby agree that if he will pay 10 per cent. of the amount of said note we will receive it as full satisfaction for said judgment ;" that in pursuance of the agreement the defendant tendered " $60, being 10 per cent. of the amount of the note," to the treasurer of the company, and afterwards to the solicitor of the company, both of whom declined to receive it, and that afterwards he paid that amount to D. Smith, Jr., one of the committee, who gave him a receipt therefor in full settlement " of the judgment-debt and notes, satisfaction to be entered on the record as soon as the costs can be adjusted ;" and that afterwards, on the 16th of June 1864, he paid into court all the costs, and thereby became entitled to have satisfaction entered on the judgment, &c.

On the 24th of January 1866, there was a verdict for defendant. And on the 24th of March the court (Stroud, J.) entered judgment for the plaintiff, notwithstanding the verdict. This was assigned for error.

*J. A. Simpson*, for plaintiff in error, cited Reed *v*. Martin, 5 Casey 179; Keen *v*. Vaughan, 12 Wright 477; Stephens on Pl. 96.

*M. A. Dropsie*, for defendant in error, cited 1 Chitty's Pl. 592; 2 Saunders 319, n. 6; Cobb *v*. Bryan, 3 Bos. & Pul. 352; 5 B. & C. 152; Ld. Raym. 390; 6 D. & R. 199; Balt. Turnpike, 5 Binn. 484; McCready *v*. Guardians, 9 S. & R. 94; Cooper *v*. Lampeter, 8 Watts 128; Commonwealth *v*. Canal Commissioners, 9 Id. 466; Johnston *v*. Bingham, 9 W. & S. 58.

The opinion of the court was delivered, February 25th 1867, by

STRONG, J.—As the record is presented to us, it exhibits a judgment given against the defendant, notwithstanding all the issues were determined in his favor, and this without any question reserved. This was of course irregular. It is probable the judgment was intended to have been given against the garnishees, and not against the defendant; and if there was in fact no other finding of the jury than a verdict on the 2d plea, it may be that there was nothing in the way of a judgment against the garnishees. If the issue rendered by the 2d plea was immaterial, a verdict upon it amounted to nothing. The plea should have been met by a demurrer, and the plea of payment disposed of in the regular way. If the issue joined upon that had been determined in favor of the plaintiffs, they would have been entitled to a judgment against the garnishees. But as the record stands, the judgment that was given is erroneous.

> Judgment reversed and the record remitted, with directions to proceed, &c.